IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LEILA DODELE, as guardian ad litem for
JESSICA DODELE

              Plaintiff,

     v.

CONMED, INC., a foreign corporation d.b.a.
CONMED HEALTH MANAGEMENT, INC.,
JACKSON COUNTY, CHRIS DOES 1-4,
LYNN DOES 1-7,

              Defendants.

Case No. 1:12-CV- 00469-CL

**ORDER**

CLARKE, Magistrate Judge.

     This matter comes before the court on plaintiff's Motion to Compel Discovery (#26) from Defendant Conmed, Inc. ("Conmed"). Oral argument was held on the motion November 19, 2013. On review of the parties' briefs and arguments, plaintiff's motion is DENIED as to both issues. Plaintiff may not compel the testimony of Nurse Braughton as to the proposed question, and the letters are protected from discovery by O.R.S. § 41.675.

Page 1 – ORDER

## STANDARD

The scope of discovery is generally governed by Federal Rule of Civil Procedure ("Rule") 26(b), which permits litigants to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, and supporting its objections. DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D.Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

Oregon courts have followed the federal view that evidentiary privileges should be strictly construed, and the burden is on the party asserting the privilege to show that it falls within the ambit of the relevant statute. See Groff v. State Indus. Acc. Comm'n, 246 Or. 557, 565, 426 P.2d 738, 742 (1967); Kahn v. Pony Express Courier Corp., 173 Or. App. 127, 142, 20 P.3d 837, 846 (2001).

## DISCUSSION

Plaintiff filed this action on behalf of Jessica Dodele, alleging that she did not receive proper medical treatment while in custody of the Jackson County Jail from March 16, 2010 until she was transferred to the Oregon State Hospital on May 18, 2010. She was attended to by Conmed Nurse Lori Braughton during her time at the Jail. Plaintiff seeks to compel Nurse Braughton to answer a particular question about the health of Jessica Dodele during the time of the events in this case. Plaintiff also seeks to have the Court determine whether or not a letter

from the Oregon State Hospital to the Jackson County Jail Medical Director falls under Oregon's peer review privilege statute.

In the first motion, Plaintiff specifically seeks to compel Nurse Braughton to rate Jessica Dodele's overall physical health on a 1-10 scale at the time in question. Conmed objects to this question based on the fact that Plaintiff did not establish that Nurse Braughton, or any medical provider, ever uses such a scale to assess general physical health, and Nurse Braughton has no meaningful way to place Ms. Dodele's health on such a scale. Conmed also argues that the question was posed in the present tense, asking Nurse Braughton to now assess the patient's health on the date in question. Conmed argues that there is no way to answer such a question without answering based on information learned about the situation as a result of the pending litigation. Conmed also claims that the question, as posed, is designed to render a fact witness an expert witness.

The Court agrees with Conmed as to this question. The Plaintiff may question Nurse Braughton as to her observations of the patient at the time and her opinions of the patient's health at the time, but the proposed question does not sufficiently identify the meaning of a scale from 1-10, nor how Nurse Braughton should form an opinion of Ms. Dodele health in relation to such a scale, and Plaintiff cannot compel such an answer from a non-expert witness.

In the second motion, the Plaintiff seeks to compel the production of two letters – one from the Oregon State Hospital to the Jackson County Jail Medical Director, and one from Conmed's Health Service Administrator, responding to the comments from OSH in the first letter. Plaintiff believes that these letters are relevant to show whether or not Ms. Dodele was in an infirm condition when she was transported from the jail to the hospital. Defendant claims that

these letters fall into Oregon's "peer review" privilege statute, which protects data provided to a peer review body of health care providers; specifically:

> (1) As used in this section, "peer review body" includes tissue committees, governing bodies or committees including medical staff committees of a health care facility licensed under ORS chapter 441, medical staff committees of the Department of Corrections and similar committees of professional societies, a health care service contractor as defined in ORS 750.005, an emergency medical service provider as defined in ORS 41.685 or any other medical group or provider of medical services in connection with bona fide medical research, quality assurance, utilization review, credentialing, education, training, supervision or discipline of physicians or other health care providers or in connection with the grant, denial, restriction or termination of clinical privileges at a health care facility. "Peer review body" also includes utilization review and peer review organizations.
>
> (2) As used in subsection (3) of this section, "data" means all oral communications or written reports to a peer review body, and all notes or records created by or at the direction of a peer review body, including the communications, reports, notes or records created in the course of an investigation undertaken at the direction of a peer review body.
>
> (3) All data shall be privileged and shall not be admissible in evidence in any judicial, administrative, arbitration or mediation proceeding. This section shall not affect the admissibility in evidence of records dealing with a patient's care and treatment, other than data or information obtained through service on, or as an agent for, a peer review body.

O.R.S. § 41.675(1)-(3).

As stated above, Oregon courts have followed the federal view that evidentiary privileges should be strictly construed, and the burden is on the party asserting the privilege to show that it falls within the ambit of the relevant statute. See Groff v. State Indus. Acc. Comm'n, 246 Or. 557, 565, 426 P.2d 738, 742 (1967); Kahn v. Pony Express Courier Corp., 173 Or. App. 127, 142, 20 P.3d 837, 846 (2001). However, Oregon courts have noted the broad language of the peer review privilege statute, especially in subsection (1). See Straube v. Larson, 287 Or. 357,

363, 600 P.2d 371, 375 (1979). Its broad definition of a "peer review body," includes "any other medical group or provider of medical services in connection with bona fide medical research, quality assurance, utilization review, credentialing, education, training, supervision or discipline of physicians or other health care providers." O.R.S. § 41.675(1)

After reviewing the letters in question, the Court agrees with Defendant Conmed that the letters fall into the broad language of the statute. The first letter, from the Oregon State Hospital to the jail, raises concerns about the procedures and protocols for transporting patients from the jail to the hospital. The second letter is a direct response to those concerns from Conmed's Health Services Administrator; it addressed the procedures and protocols and discusses how they may be improved in the future. While the letters are written in the context of Ms. Dodele's specific case, they are subject to the privilege because they are written to and from a medical provider, for the purpose of bona fide quality assurance. See O.R.S. § 41.675. Additionally, the Court notes that the information contained in the letters about Ms. Dodele, and the care and treatment given to her, is not so critical that it cannot be obtained through other discovery procedures.

## ORDER

Plaintiff's Motion to Compel Discovery (#26) is DENIED.

IT IS SO ORDERED and DATED this ___7___ day of January, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge